IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:08-cr-33 |
| | ) | |
| Wayne Xavier Buckles, | ) | **ORDER DENYING MOTION** |
| | ) | **TO SUPPRESS** |
| Defendant. | ) | |

___

Before the Court is the Defendant's motion to suppress. The Defendant is charged with aggravated sexual abuse of a child under the age of 12. The government resists the motion. For the reasons explained below the motion is denied.

## I.   BACKGROUND

On November 15, 2007, it was reported to the Bureau of Indian Affairs that a five-year-old girl had been sexually abused. The report was made by the alleged victim's grandmother and named the Defendant as the perpetrator. The incident is alleged to have occurred on or about July 5, 2007. The Defendant was questioned by the FBI at his home on December 19, 2007. The Defendant denied the allegations and agreed to a polygraph examination. A polygraph examination took place January 24, 2008, in Fort Totten at the Tribal Court Building. The Defendant was not in custody and voluntarily appeared for the polygraph examination. He signed a written Consent to Interview with Polygraph form and an Advice of Rights form which informed the Defendant of his <u>Miranda</u> rights prior to the examination. The examiner states in his Polygraph Report (FD-498) that the Defendant's answers to two questions regarding sexual contact were indicative of deception. The Defendant was so informed by the FBI agents. A

written statement, in the form of a letter from the Defendant to his daughter, was obtained from the Defendant after the examination and the Government intends to use it at trial.  The written statement admits sexual contact but relates that the child instigated the activity while the Defendant was sleeping.  The Defendant was not arrested at the conclusion of the interview.  He is 27 years of age, has an 8th grade education, and is able to read and write.

The Defendant was indicted on April 23, 2008.  The Defendant seeks to suppress the oral and written statements he made in conjunction with the polygraph examination.

## II.     DISCUSSION

The Defendant argues his statements were not freely and voluntarily made.  In support of this he alleges agents lied about his failing the polygraph exam, the interrogation lasted an extended period of time, that he did not feel free to end the interview or refuse to answer questions, and that he was subjected to coercive psychological pressure.

"A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." United States v. LeBrun, 363 F.3d 715, 724 (8th Cir.2004).  The Court must consider the "totality of the circumstances" in making a voluntariness determination. United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002).  Factors to be considered include the conduct of law enforcement officials and the suspect's ability to resist the pressure to confess. United States v. Jorgensen, 871 F.2d 725, 730 (8th Cir. 1989).  A confession will not be found involuntary unless it is shown that the Defendant's will was overborne by the coercive nature of the interrogation. Santos-Gracia, 313 F.3d at 1079.  The government bears the burden of persuasion and must prove by a preponderance of the evidence that the challenged statements

were voluntary. LeBrun, 363 F.3d at 724.

The Defendant argues the agents' statements to the effect that the polygraph examination showed deception were false.  As the Court noted in denying the earlier motion for discovery, there is no reason to suspect the polygraph examiner's conclusion that the Defendant was deceptive in two of his answers was not genuine.  The Polygraph Report clearly states that the polygraph examiner thought two of the Defendant's answers were indicative of deception.  Even if the agents were lied to the Defendant about their findings that would only be one factor to consider in the voluntariness determination. Santos-Garcia, 313 F.3d at 1079.  A lie regarding the nature of the evidence against an accused does not necessarily render a statement involuntary. Id.  But in any case, there is simply no evidence the agents were deceptive in this regard.

The Defendant also argues the interrogation went on for an extended period of time.  The Advice of Rights form was singed at 11:18 a.m.  The Consent to Interview with Polygraph form was signed at 11:23 a.m.  The written statement obtained from the Defendant was made at 1:24 p.m.  The Court is not of the opinion that a two-hour interrogation is an extended period of time.  In fact, this is a rather short period of time.  Interrogations of six or seven hours have been found not to be per se unconstitutionally coercive. Jenner v. Smith, 982 F.2d 329, 334 (8th Cir. 1993).

The Defendant also argues he did not think he was free to end the interview or refuse to answer the agents' questions.  It is unclear why the Defendant would have not thought he was free to end the interview or refuse to answer the agents questions.  The Advice of Rights form details the Defendant's Miranda rights and relates that the Defendant has read the statement and understands his rights.  It also contains handwritten notations initialed by the Defendant that he can read and write, has an 8th grade education, is not intoxicated, the encounter is voluntary, the

door is unlocked, he is free to leave at any time, he is not under arrest, and he will not be arrested at the conclusion of the interview unless threats are made.  In addition, the Advice of Rights form was read aloud to the Defendant and the Defendant read the Advice of Rights form aloud.  The Consent to Interview informed the Defendant he had the right to stop the test at any time and he had the right to refuse to answer any individual question.  The Defendant is 27 years old.  His assertion appears baseless in the face of the forms which he signed.

The Defendant claims the agents put psychological pressure on him by referring to his family and implying he would be convicted on the basis of the polygraph results.  Notably, the Defendant has not detailed his version of events or the psychological pressure allegedly applied or what references were made regarding the Defendant's family.  Effective interrogation often involves some degree of pressure as its purpose is to elicit a confession. Santos-Garcia, 313 F.3d at 1079.  Deception itself does not render a statement involuntary unless the overall impact is that the will of the Defendant is overborne. Id.  Nor does a raised voice, or a sympathetic attitude on the part of the interrogator require a finding that a Defendant's will was overborne. Jenner, 982 F.2d at 334.

The factors that support a finding of voluntariness include the waivers and all the warnings contained therein, the encounter lasted only two hours, no physical threats were made, and a sober adult Defendant who understood he was being investigated and agreed to questioning and a polygraph examination.  The only factor weighing in the Defendant's favor is the Defendant's apparent belief that the agents implied that his deceptive answers to the polygraph examination would lead to his conviction.  But this deception must be weighed against all the warnings the Defendant received that advised him that he could stop the questioning at anytime,

that he could refuse to answer any question, and that he was free to leave at any time. See Evans v. Dowd, 932 F.2d 739, 742 (8th Cir. 1991)(finding it would be difficult to conclude a confession was coerced after full Miranda warnings were given).  Considering the totality of the circumstances, the Court is not left with the impression the Defendant's will was overborne.  If facts exist which are not covered in this analysis, the matter can be revisited at trial.

### III.   CONCLUSION

On these facts, the Court finds any statements made were voluntary.  Accordingly, the Defendant's motion is **DENIED**.

   **IT IS SO ORDERED.**

Dated this 23rd day of September, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court